STATE OF NORTH CAROLINA v. LEONARD ROGER TOMS

No. 7529SC689

(Filed 21 January 1976)

**Criminal Law § 75— confession — defendant's indication of wish to remain silent — continued interrogation**

　　Defendant's in-custody statements to a sheriff were inadmissible in evidence where defendant told the sheriff that he did not want to talk, but the sheriff continued to interrogate defendant and another and elicited incriminating statements from defendant after some 30 to 45 minutes of interrogation.

APPEAL by defendant from *Baley, Judge.* Judgment entered 14 March 1975 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 20 November 1975.

Defendant was charged in a bill of indictment, proper in form, with the felony of robbery with a dangerous weapon.

The State's evidence tended to show that defendant and one Johnny Mack Thompson were riding in defendant's car on the occasion in question. They saw the victim, Homer Wall, alone in the yard of the Baptist Church at Caroleen. Defendant said, " 'Let's rob that man.' . . . 'We will just get that money.' " Thompson agreed. Defendant drove to a point out of sight of the church. Thompson walked back through the bushes to the church and, with the use of a .32 caliber pistol, took the victim's wallet. The victim knew and recognized Thompson. After taking the victim's wallet, Thompson ran back to the defendant's car where defendant was waiting. Thompson took $120.00 from the victim's wallet, threw the wallet away, gave defendant $40.00, and kept $80.00 for himself.

After the robbery defendant drove his car to another location where he and Thompson were apprehended by the sheriff. The sheriff arrested both defendant and Thompson and took them to the Rutherford County jail. After being fully advised of his rights, Thompson made a full confession implicating defendant. Defendant thereafter told the sheriff, "That is the way it happened," and then related in some detail his and Thompson's actions.

Defendant offered no evidence.

State v. Toms

*Attorney General Edmisten, by Associate Attorney William H. Guy, for the State.*

*Chambers, Stein, Ferguson & Becton, by James E. Ferguson II, for the defendant.*

BROCK, Chief Judge.

Defendant argues that it was error to admit into evidence before the jury his in-custody statements to the sheriff. Defendant asserts that the statements were made during an interrogation that continued after defendant had advised the sheriff that he wished to remain silent and not answer questions. Defendant makes no contention that he was not fully advised of his *Miranda* rights. He cites the familiar *Miranda* rule that declares: "Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).

In this case the interrogation overstepped the above-quoted basic restriction imposed by *Miranda.* When the prosecutor initially asked the sheriff what, if anything, the defendant Leonard Toms told him concerning the robbery, the sheriff replied: "At the beginning he didn't tell me anything; he refused to talk. I questioned him and Johnny Mack Thompson, oh, 45 minutes I guess—30 to 45 minutes and finally Johnny Mack Thompson said, 'We's in it, we might as well tell.' " At this point, upon objection by defendant, the jury was sent from the courtroom, and a *voir dire* was conducted to determine the admissibility of any statement defendant Leonard Toms may have made. Under questioning by the prosecutor on *voir dire,* the sheriff stated: "Johnny Mack Thompson is the one that told me how it happened, what led up to it, and all about it, and Leonard said, 'This is how it happened.' I asked him if this was the way it happened and he said, 'That is the way it happened.' " The following was elicited from the sheriff on cross-examination:

"Q. Now, whenever you got him to sign that, I ask you if he didn't tell you at that time that he didn't know anything about his rights?

"A. No, sir, he didn't. He said he didn't want to talk.

"Q. So that you took him out and away and brought the other man in?

"A. No, sir. They were sitting within two feet of each other at that time. He told me that he did not want to talk at that time.

"Q. Sometime later you started in on Thompson?

"A. I started in on both of them all together. I questioned the combination of the two, thirty to forty-five minutes.

"Q. Now, when this man told you he did not want to talk, did you take him and lock him up then or did you keep him sitting there?

"A. He sat right in the office. I never got but that one original waiver of his rights. As I recall, that was the only one. At the time he gave me that he said he didn't have anything to say to me. It was about 30 to 45 minutes after that that I say that he said, 'That is right'."

We do not believe that *Miranda* holds that a defendant may never again be questioned once he indicates that he wishes to remain silent. In fact, in the case of *Michigan v. Mosley*, _____ U.S. _____, 96 S.Ct. 321, 46 L.Ed. 2d 313 (1975), the U. S. Supreme Court, in discussing the rule above stated, said: "Clearly, therefore, neither this passage nor any other passage in the *Miranda* opinion can sensibly be read to create a *per se* proscription of indefinite duration upon any further questioning by any police officer on any subject, once the person in custody has indicated a desire to remain silent." However, it seems clear under *Miranda* that when a defendant indicates that he wishes to remain silent, the then current interrogation must cease. The length of the cessation or the conditions under which interrogation might be resumed are not involved here. In this case the interrogation did not even pause. By his own statement the sheriff, immediately after defendant said he did not want to talk, "started in on both of them all together." He "questioned the combination of the two, thirty to forty-five minutes" before defendant made an incriminating statement.

The interrogation procedure in this case constituted a violation of defendant's right to remain silent. It was prejudicial

error to admit defendant's incriminating statement into evidence before the jury.

New trial.

Judges BRITT and MORRIS concur.